IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

RONALD COBB, et al.,

        Plaintiffs,

v.                                                  CIVIL ACTION NO. 2:18-cv-00992

EQUIFAX INFORMATION SERVICES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Pending before the court is a Motion to Set Aside Default [ECF No. 35] filed by Defendant Synchrony Bank ("Synchrony"). The plaintiffs did not file a response opposing this motion, and the time to file a response has now passed. For the reasons discussed below and no objection appearing, this motion is **GRANTED**, and the entry of default is **SET ASIDE**.

### II.    Background

The plaintiffs commenced this civil action by filing a complaint in the Circuit Court of Kanawha County, West Virginia on May 28, 2018. The civil action was subsequently removed to this court on June 4, 2018 by Defendant Trans Union, LLC on the basis of federal question jurisdiction because the plaintiffs assert claims

against the defendants, including Synchrony, under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*

The plaintiffs filed a Motion for Default Judgment [ECF No. 17] against Synchrony on July 5, 2018. The court found that the plaintiffs' Motion was procedurally improper but, in the interest of expediency, ordered the Clerk to treat the Motion as an application to the Clerk for a Rule 55(a) entry of default as to Synchrony. The Clerk entered default against Synchrony on August 7, 2018. On October 15, 2018, Synchrony filed its Motion to Set Aside Default [ECF No. 35], arguing that good cause exists to set aside the entry of default because service of process on Synchrony was improper.

### III. Legal Standard

Rule 55(c) of the Federal Rules of Civil Procedure states that a court "may set aside entry of default for good cause." In assessing a motion to set aside an entry of default, a district court is to consider (1) whether the moving party has a meritorious defense to the action; (2) whether the moving party acted with reasonable promptness; (3) the personal responsibility of the defaulting party; (4) any unfair prejudice to the non-moving party; (5) whether there is a history of dilatory action; and (6) the availability of sanctions less drastic. *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010); *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 204–05 (4th Cir. 2006).

The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton*, 616 F.3d at 417. Notably, the "good cause" standard for setting aside an entry of default pursuant to Rule 55(c) is less onerous than the "excusable neglect" standard for setting aside a default judgment pursuant to Rule 60(b). *Id.* at 420.

IV. Discussion

Synchrony has failed to specifically address any of the *Payne* factors in its Motion to Set Aside Default. Instead, Synchrony's sole argument in support of its Motion is that good cause exists because service of process on Synchrony was improper. However, the Fourth Circuit "has not yet explicitly adopted a *per se* rule to that effect." *Turpin v. Wellpoint Cos.*, No. 3:10CV850-HEH, 2011 WL 1086482, at *2 n.6 (E.D. Va. Mar. 23, 2011) (declining to decide whether the Fourth Circuit would endorse this "blanket rule" and applying the multi-factor approach where the defendant argued that the court must set aside an entry of default if service is improper). Nonetheless, as in *Turpin*, the court need not decide whether an entry of default must be set aside where service is improper because the multi-factor approach favors setting aside the Clerk's entry of default in this case.

a. Meritorious Defense

The first *Payne* factor, whether the moving party has presented a meritorious defense, weighs against setting aside the entry of default. To find a meritorious

3

defense, "the defaulting party must proffer evidence which, if believed, would permit the factfinder to find for the defaulting party after a trial on the merits, or would establish a valid counterclaim." *Burton v. TJX Cos.*, No. 3:07-CV-760, 2008 WL 1944033, at *3 (E.D. Va. May 1, 2008) (citing *Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 812 (4th Cir. 1988)). There must be facts to support the defense, not just conclusory statements. *Id.*

Here, Synchrony has failed to articulate a meritorious defense. Its Motion merely states that service was improper and that it desires to defend this civil action on the merits. At best, Synchrony has only alleged in a conclusory fashion that it has a meritorious defense. Likewise, no evidence in the record suggests that Synchrony has a meritorious defense. Accordingly, the court finds this factor weighs against setting aside the entry of default.

### b. Reasonable Promptness

Whether a party has acted reasonably promptly to set aside an entry of default must be determined "in light of the facts and circumstances of each occasion . . . ." *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982). District courts in the Fourth Circuit have found that a defendant acted reasonably promptly when waiting seventeen, twenty-one, and thirty-two days after default was entered before attempting to set it aside. *See United States v. $10,000.00 in U.S. Currency*, No. 1:00-cv-0023, 2002 WL 1009734, at *3 (M.D.N.C. Jan. 29, 2002); *Esteppe v. Patapsco & Back Rivers R.R. Co.*, No. H-00-3040, 2001 WL 604186, at *4 (D. Md. May 31, 2001);

4

*Wainwright's Vacations, LLC v. Pan Am. Airways Corp.*, 130 F. Supp. 2d 712, 718 (D. Md. 2001). The Fourth Circuit has held that a movant "did not act promptly" by filing a motion to set aside an entry of default approximately two and one-half months after the default was entered. *Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967).

In this case, default was entered by the Clerk on August 7, 2018. August 7, 2018 is also when Counsel for Synchrony allegedly "discovered the existence of this civil action." Def.'s Mot. Set Aside Default [ECF No. 35] 2. Despite becoming aware of the civil action and the entry of default in early August, Synchrony did not file the instant Motion until October 15, 2018—more than two months after the default was entered. Synchrony has alleged no facts or circumstances that would make the delay reasonable. The court cannot find Synchrony acted with reasonable promptness. This factor weighs against setting aside the entry of default.

### c. Personal Responsibility of the Defaulting Party

The court finds that the personal responsibility factor weighs in favor of setting aside the entry of default. "[T]he Fourth Circuit has recognized that attorney inaction—without some sort of attendant fault of the defendant, personally—leads to a finding of no *personal* responsibility of the defaulting party." *Pearson v. Giles Industr., Inc.* No. 3:13-19629, 2013 WL 6048714, at *2 (S.D. W. Va. Nov. 13, 2013). Here, there is no indication that Synchrony itself was at all responsible for the entry of default. In its Motion, Synchrony states that service was improper. The plaintiffs

have failed to respond to the Motion and thus have not indicated that Synchrony itself bears any personal responsibility. The court finds this factor weighs in favor of Synchrony.[1]

### d. Prejudice to Non-movant

The non-defaulting party bears the burden of showing prejudice. *Combustion Sys. Sales, Inc. v. Eastern Metal Prods. & Fabricators, Inc.*, 112 F.R.D. 685, 691 (M.D.N.C. 1986). Here, the plaintiffs have not filed a response indicating any prejudice, and the court does not find that the plaintiffs will be prejudiced if the default is set aside. "In the context of a motion to set aside an entry of default, . . . delay in and of itself does not constitute prejudice to the opposing party." *Colleton*, 616 F.3d at 418. Accordingly, this factor weighs in favor of setting aside the default.

### e. History of Dilatory Action

Nothing in the record indicates any previous history of dilatory action by Synchrony, and no party has asserted that there is a history of dilatory action.[2] Thus, the court finds that this factor weighs in favor of setting aside the default.

### f. Less Drastic Sanctions

Finally, the court briefly considers the availability of less drastic sanctions as an alternative to the entry of default. Though neither party has suggested alternative

---

[1] Having found good cause to set aside the entry of default, and lacking more detailed information or a motion with respect to the adequacy of service, the court does not decide whether service has been accomplished.

[2] The court notes that the plaintiffs' failure to respond to the instant Motion contributes to the court's finding for Synchrony on this factor and other factors.

sanctions, less drastic sanctions are available. *See, e.g.*, *Lolatchy v. Arthur Murray, Inc.*, 816 F.2d 951, 953 (4th Cir. 1987) (holding that when a party defaults, an award of fees and costs is an appropriate lesser sanction). The court finds, however, that less drastic sanctions—while available—are inappropriate in this case. Nonetheless, this factor weighs in favor of setting aside the default.

### g. Totality of Factors

While the court finds that Synchrony has failed to set forth a meritorious defense and did not act with reasonable promptness in moving to set aside the entry of default, the court also finds that the remaining four *Payne* factors weigh in favor of setting aside the entry of default, particularly where the plaintiffs have failed to oppose the Motion. Even with conflicting considerations, "[a]ny doubts about whether relief should be granted should be resolved in favor of setting aside the default so that the case may be heard on the merits." *Tolson v. Hodge*, 411 F.2d 123, 130 (4th Cir. 1969). The court finds that there is good cause to vacate the entry of default in Synchrony's favor.

## V. Conclusion

For the foregoing reasons, Synchrony's Motion to Set Aside Default [ECF No. 35] is **GRANTED**. The court **ORDERS** that the entry of default [ECF No. 28] against Synchrony be **SET ASIDE**. The court further **ORDERS** that Synchrony be permitted to file a responsive pleading within **twenty-one (21)** days of entry of this Order, or

7

within **twenty-one (21)** days of receipt of service, should it be determined by either the parties or the court that service has not yet been accomplished.

The court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented party.

ENTER: December 3, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE